UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2021 MAY 27 PM 2:31

Umar Alli
DEFENDANT

—AGAINST—

City of New York, C

Custody Management Officer, Ruiz

Custody Management Captain, Allyiene

Cheif Kenneth Stookes

Cheif Jennings

Security Deputy of G.R.V.C, Deputy Carter

Security Captain of G.R.V.C, John DOE

Correctional Officer Edmounds

Deputy Warden Harris

John Doe's 1 through 7 (Security team of G.R.V.C)

John Doe's Each Captain and Deputy whom toured

Housing Area 7A and 9B WHILE PLAINTIFF WAS ON

DEAD LOCK from April 15, 2021 Until MAY 1, 2021,

Jonh Doe Officers of Probe team whom assaulted

Plaintiff On April 15th 2021 inside 7A G.R.V.C Approx

8:30 PM,

Correctional Officer D-BROWN (1689)

John Doe, Officer whom failed to follow Procedure when

Fire started on May 1st 2021

John Doe, Medical Doctors

Of April 15 2021, May 1st 2021,

And April 23 2021.

WARDEN RENEE

42 U.S.C 1983
42 U.S.C 1985
42 U.S.C 1986
18 U.S.C 241
18 U.S.C 242

JURY TRAIL
DEMANDED

PRO SE PLAINTIFF
CIVIL RIGHTS
ACT

1. Pro se Plaintiff hereby as Umar Ali Moves this Court Pursuant to, Including but not limited to 42 U.S.C 1983, 42 U.S.C 1985 42 U.S.C 1986 and 18 U.S.C 242.

2. As revealed further herein all defendants Known and Unidentified infringed on ample Protected rights laws and Statutes.

3. Civil rights act Violation for deprivation of rights by People or a Person acting Under Color of State law, deprived privileges or Immunities Secured by the Constitution.

4. Named defendants Conspired to interfere with Civil rights. As further stated herein One or more Person engaged or Caused to be done acts that in furtherance deprived Plaintiff of having and exercising rights and or Privileges Protected by a Citizen of the United States. Said action or inactions of defendants Caused Injury. The Purpose of Conspiracy was to Impede, hinder, obstruct and or defeat due Course of Justice. With the Purposeful intent. And or retalidtory intent.

5. Defendants retaliated against Plaintiff and or Conspired to Violate his rights and Other detainees Whom Were housed With Plaintiff, for a number of reason Including but not limited to the Class of housing.

6. Through out the time frames Pertinent hereto, defendant was housed at a New York City Correctional facility In which was titled Manhattan Detention Complex. Namely the infamous Nine (9) South housing area AND G.R.VC

7. Throughout the history of the 9 South housing area. 9 South either by, Written Policy or Unwritten Long-Standing deeply embedded Custom, Is a Special Category housing area In which houses detainees with Servere behavior Issues or Prior enhanced restraint Placement. 9 South is not a general Population housing area. and discrimintory operates as a easily identifiable inidiously class-based housing area. As further detailed herein said Complaint.

8. 9 South also houses Many litigators and detainees whom are also Known for Submitting mutiple Complaints and or grievances/311 Complaints. And or detainees whom were Sexually assaulted and ordeal retaliation.

9. Upon Information and belief during all times Pertinent hereto, 9 South Is and Was the only housing area In which Persided general Uniform Correctional Officers. And the daily routine Custom of Unordinary Presence of Emergency Service Unit

Correctional officers, Twenty-four 24 hours a day.

10. Through-out the times Pertinent hereto Emergency Service Unit Personnel, the City of New York, Board of Corrections, Department of Corrections and each Individual defendant Conspired to interfere with the Protected rights of 9 South housing area detainees.

11. The entire department of Corrections is animus towards the Manhattan Detention Complex "9 South" Housing area. And all forms of Conspiracy to interfere with Civil rights, Such as, Including but not limited to the rights to be free from Sexual assault/assault, rights to exhaust administrative remedies, rights to receive Undiscriminatory treatment. Throughout all times Pertinent hereto Said actions/inaction by named defendants, Policy making Officials, City of New York, And Emergency service Unit (ESU) Correctional Officers was solely to, Punish, Cause harm humiliate, degrade, intimidation, embed fear, embarrass, and Was aimed at interfering With Protected rights. Including but not limited to State Conferred rights. All Partys acted Under color of State law. In both the Official and individual Capacity

12. Plaintiff and Class-based Members of the "9 South" housing Area sought to reveal the Unlawful Policys complained herein by ample forms of Grievances, and Complaints. Attached hereto are Sworn Affidavits of Truth by detainees of the 9 South housing area. Demonstrating the Practices of infringement on Protected rights. In which defendants Continued for months despite knowledge.

13. While a single incident may be Viewed as mere negligence yet there are repeated Examples of, the use of unneccesary or excessive force against Plaintiff and 9 South, repeated examples of sexual assault, repeated examples of Unlawful Strip Searches / Cruel and Unusual Punishment. repeated examples of the denial of medical attention treatment and or care, repeated examples of retaliation repeated examples of Ample forms of Misconduct by the discriminatory Presence of "ESU" and Carried Out by the Same. for intervals of months from August 2019 up until todays Current date.

14. 9 South Detainees were routinely Striped naked Mutiple times a day in Violation and in contary of approved written Procedures. During said Strip frisk Correctional Officers ESU Ofthen made inappropriate/degrading Comments.

15. As form of retaliation for detainees Misconduct of any sought, including but not limited to throwing items, refusing to lock in, or cursing an officer, and or the mere Prescence Of being a 9 South detainee. We were subjected to Unlawful/Unwarranted Strip Seaqches. In the Confines of, our individual Cells In which other inmates could see. Or inside the Camera-less 3-Point Search area.

16. If a 9 South detainee refused to be Strip Searched ESU Officers forcefully in a group Of three (3) or more forcefully took off all the detainee clothes.

17. Plaintiff was forced to Undergo all these Customs On Mutiple Occasions. Namely the forceful Strip On or about September 24 2020 Unlawful Strip search dally. Uses of excessive fore/Sexual assault On ample dates to name some. July 29 2010, August 19 2020, August 22 2020, August 27 2020, August 29 2020.

18. ESU, Policy making defendants, And other named officers also conspired to deny or deprive basic life necessities by unlawfully seizing property. And subjecting detainees to the "Dead lock" Custom In which detainees are forced to be locked in there cells for days and or Hours.

19. Collectivery said policys are so unbearable and Cruel Mulitple 9 south detainees attempted to commit suicide including but not limited to Umar ALLI, Peter Rodriquez, Gambino Gavio, fransico Nunez, Tyrell Green, Bernard Gumbs, and tyrone Massey

20. All action or inactions violate rights and laws Protected by laws of the City, state, Correctional facility and the Constitution.

21. Colorable Claims Under § 1985 was Prerequisite to 42 U.S.C 1986. In which states "every Person having knowledge that any of the wrongs conspired to be done, .. having Power to Prevent or aid in Preventing the commission of the same, neglects or refuse so to do, if such wrongful act(s) be committed shall be liable, for all damages caused by the wrongful act, which such Person of reasonable diligence could have Prevented, any number of Person guilty of such wrongful neglect or refusal may be Joined as defendant in this action...

22. All defendants herein had Personal involvement

and or direct knowledge of the conspiracies taken place, continuing to occur, and or about to occur yet failed to take remedial action to cease the furtherance of said infringement of protected rights. Said acts were done to injure and or deprive the exercising right or privilege of said detainee. Whom are citizen of United States.

23. Upon direct knowledge and or information and belief each individual defendant collectively created the existence of an agreement to conspire to discriminate against 9 South detainees' and Plaintiff. On each working day defendants conducted a roll-call in which they conspired their plans to infringe on protected rights. Said roll-call was used to discuss and formulate acts of violence and or misconduct and to discuss any prior incidents and anticipated incident. Also before each cell extraction and or use of force each individual defendant conspired their plans for the use of excessive force.

24. Two or more persons conspired to injure oppress, threaten and intimidate Plaintiff and 9 south detainees in the free exercise or enjoyment of rights or privileges secured by the Constitution or laws of the United States. Or because of exercising said rights.

defendants Under color of law, Statute, Ordinance, regulation, or Custom wilfully subjected Persons of this State to the deprivation of rights, Privileges, and immunities Secured or Protected by the Constitution. Thus Making 18 USC 241 and 18 U.S.C 242 Claims Colorable.

25. Plaintiff hereby amongst Other claims asserts Monell claims. The Monell doctrine States a Municipality may be held liable for Officers actions.

26. Defendants violated Constitutional rights and that Violation and Or the Continuance Of those Violations resulted from an Municipal Policy and Or Unofficial Custom. And because the City of N.Y, Board of Corrections, Department of Corrections, and Policy Making defendants failed to take remedial action to Cease the long-Standing Unlawfully acts being Imposed on Mr ALLI and 9 South. Said defendants were deliberately indifferent in its failure to train Or Supervise and Or discipline for Misconduct, Customs Or Policies that Cause unconstitutional behavior.

27. There was not Or is not any Penological interest for the Emergency Service Units Prescence in 9 South for over Seven (7) Months Said Prescence was Pure Overkill and reversed the interest of Justice, if any by the ill Conduct Of ESU as described herein this instant Matter. And by the Unlawful Customs and Policys.

28. The Department of Corrections herein as "the Department" The Board of Corrections herein as "the Board" The City, ESU, Policy Making defendants and Supervisory defendants all individually and or Collectively all tolerated, furthered, Sanctioned, and or failed to cease the following Practices of;

"DEAD-LOCK" a Policy in which a detainee isn't allowed to be released from his Cell for an Optional lock out. With Malicious intent due to Prior actions and or inaction of Said detainee. Soley to Punish or Cause harm. 9 South was often Placed on Dead Lock and Mr. ALLI.

29. "Stop resisting" a wide spread Policy used during any and all use's of force in an attempt to stage that a detainee is failing to Comply with instructions given by the D.O.C ("Department") Staff so that otherwise Unness force used is deemed Justified. Despite the fact that said detainee was not resisting. This is also done so the Correctional Officer ("C.O") holding the hand held Camera during the use of force does not Mistakenly record the whispered ill Comments and death threats.

30. "Behind The Back" is a Policy in which the Off, cer holding the hand-held Camera during a cell extraction, a search, or a use of force incident Intentionally only records the backs of another officer and not the inmate and or the assilants

31. "Write with US" or "Write together" a Policy In which defendants Conspire to falsify documents To "Sweep the Incident" Under the rug." a Policy to undocument incidents.

32. Subsequently defendants have a Policy of delaying and or denying requested and or needed medical Care and or treatment.

33. One of the many motives for Prison officials Practices, Policy (written/unwritten) and deeply embedded customs Stem from the municipal and Supervisory defendants failure to properly train, Supervise and discipline. Also Inadequate training Inadequate Systems for investigating and disciplining Staff for the Misuse of force. Also the failure to implement and or enforce D.O.C use of force Policy. Plays a Significant role in the Continuation of these unconstitutional Practices.

34. We Need to investigate the investigators Prior D.O.C Officials investigating there own, is highly Prejudicial. And taints the investigation.

35. facility Investigations and The Department of Investigations herein as ("D.O.I" or "I.D") and or the "Investigation Division" investigations of Staff misconduct and Misuse of force require Several requirement that are not followed or has not been implemented Ample incidents involving the use of excessive force goes unreported or unfounded. The deficiencies withing the Process has Caused Mr. Alli's Injurys.

36. Said Continued deficiencies even after the Nunez agreement are as such; (1) Investigations not being done by a Private enity Not associated with or working for the Department of Corrections, (2) An agency lack of th          (3) Failure to Pursue Unanswered questions, (4) Failure to address if Staff Conduct actually Complied with written Policy, (5) Inadequate efforts to identify and interview witness, (6) Failure to explain how Conflicting evidence was resolved, (7) The lack of a double standard of interpecting medical records and Photographs of injurys, (8) Magnification on discrepancies within Staff Statements, (9) use of boilerplate language and (10) reaching for some basis to approve staff Conduct.

37. The systematic deficiencies stated above are a significant Cause of the misuse of force imposed on Plaintiff and 9 South. The failure of the City of NY, D.O.C, B.O.C, Cheif of D.O.C, and Policy making defendants to guide and train its officers in the Correct way to use force if ultimately necessary. Also the failure to monitor investigate and discipline the Misuse of force has allowed the continuance of those Practices to resume well after "fisher v. koehler, 692 f. supp 1519 S.D.N.Y 1989"

38. While a single incident may be viewed as mere negligence, yet there are repeated examples of the Policys/customs herein imposed upon Plaintiff and other 9 South detainees. Through D.O.C.S "elaborate" report system the City and the Supervisory defendants were aware of the Patterns described. Yet failed to take Sufficient Steps to Curb.

39. The Policy making defendants, Supervisory defendants, and the City of N.Y were also aware or should have been aware of the individual defendants history of misconduct. Well before and after Plaintiff was assaulted. Yet failed to remove said defendants from 9 south and to discipline or take remedial action to Prevent the furthering of the unconstitutional Practices, Plaintiff was assaulted by the same defendants more then once and even after Stiff remained in contact with them.

40. Through countless criminal cases, allegations, Suits (State/Federal), investigations and departmental reports, the City, D.O.C, B.O.C, and the Cheif all have been made aware of the widespread practice by defendants of Sanctioning, encouraging, participating or covering up these unlawful Practices. In which furthers abuse. Defendants Conduct Constitutes a Municipal Policy, Practice and Custom deeply emedded in the Culture of D.O.C implementing law

41. Although this information was known to the department, Board, and City, defendants failed to Protect and were deliberately indifferent to the dangers Posed by their insubordinate employee's. As a result Plaintiff was maliciously assaulted by Emergency Service Unit "E.S.U." On several different occasions as described in further herein. The same enity and Officials whom Plaintiff has Complained upon, and imposed and or Sought Seperation orders.

42. Furthermore plaintiff was Subjected to the Practice of imposing unlawful and unConstitutional disciplinary sanctions without due Process of law.

43. In Connection with each Use of force incident Conspired by E.S.U Staff Applicable defendants drafted mutiple falsified infractions denied Plaintiffs Appearance at disciplinary adJudication hearings, then imposed a finding of guilt without Conducting an Proper investigation. And or never Conducted an adJudication hearing.

44. The above stated Policies and Customs are deeply embedded in the culture of DO.C, B.O.C and the City of N.Y Constituting impermissible Punishment of a Pre-trail Detainee. SEE; Chick heuk v. New York City Dept of Corr. 929 N.Y.S 2D 2w, SEE Also Henerson v. City of New York 711 N.Y.S. 2d 130" revealing DOC Due Process denial Practices. See Also Peter rodriquez v. City of NY (S.D.N.Y) and SEE Also Gaino Gambino v. City of N.Y SEE Also Gaino Gambino v. ESU (S.D.N.Y) revealing the assaults by ESU in the 95outh housing area.

45. All defendants Failure to Cease said Customs and Policys despite knowledge bespeaking a deliberate indifference by officials to the agony engendered haphazard and ill conceived Procedures thus Causing the Procedures Plaintiff was subjected to and Constituting Municipal liability.

46. During all times relevant hereto, defendants also had a Custom of refusing to file submitted grievances. And or returning said grievances as Non-grievable Staff Complaint. If Any grievances were answered they were of no importance and Only answered to Stage Procedure was being Complied With.

47. Wherefore, This is a Civil rights action in which the Plaintiff Seeks relief for the individual and official Capacities of each defendant for the Violation of his rights Secured by 42 U.S.C 1983 42 U.S.C 1985, 42 U.S.C 1986, 18 U.S.C 241, 18 U.S.C 242, And the first, fifth, Eighth, And fourteenth Amendments of the United States Constitution. Plaintiff also asserts any and all applicable State Law Claims and Correction law Claims Including but not limited to Misuse of force, Assault and battery, And negligence. Upon information and belief Plaintiff reserved any and all Claims by timely filing a Notice of Claim. In which thirty (30) days has elapsed and the City has not settled or Made any offers. The Claims arise from a ~~single there, August 17, 2020,~~ April 18 2021 threw May 1st 2021 ~~-----~~ incidents in which defendants, among other things, applied Unreasonable and unnecessary force and or Sexually assaulted Plaintiff. Also delayed, denied or deprived adequate medical Care/Treatment. Plaintiff Seeks Compensatory, Special, general, Money and Punitive damages joint & Severally. Also declaratory and injunctive relief. And such Other and further relief as the Court deems Just and Proper.

## JURISDICTION & VENUE

48. This action is brought pursuant to 42 U.S.C 1983, 42 U.S.C 1985, 42 U.S.C 1986, 18 U.S.C 241, 18 U.S.C 242, and the first, Eight, fifth, And fourteenth Amendment to the United States Constitution. Jurisdiction is Proper in this Court Pursuant to 28 U.S.C 1331. The Court has Supplemental Jurisdiction over Plaintiffs other Claims Pursuant to 28 U.S.C 1367.

49. Venue is Proper Pursuant to 28 U.S.C 1391(b), as events leading to this action occured within this district.

## Jury Trial

50. Plaintiff demands for a Jury trial in this action.

## PARTIES

51. At all times Pertinent hereto Plaintiff a Citizen of the United States And a Pre-Trail detainee in The Department of Corrections Custody. Housed in the Manhattans Detention Complex Infamous 9 South.

### STATEMENT OF CLAIM

52.    In response to Plaintiff being a 9 south detainee and in response to a Use of force that Occured On or about April 13th 2021 while at A.m.k.c's Rikers Island Plaintiff Was retailiated against as Stated herein.

On April 15th 2021 Plaintiff was taken to a Tival Gang House. Although Corrections alleges they house by Classifacation the City of New York, Department of Corrections, And Custody Management Personnell has a Unwritten Deeply imbedded Policy to house inmates by Gang Affiliation.

53,    After being transfered to G.R.V.C Plaintiff was brought to 5A a SRG folk and SRG Unknown Gang. Before entering Said housing area Deputy Carter and the Seg intake security team told Plaintiff they knew he would be Jumped Yet Chaif Jennings authorized me being Improperly housed Out of Retailiation. Of USe's of force With "her" E.S.U Unit and Other actions

Upon entering the house I had 4 large Plastic bags Filled with Property Secured in Cell 33 Of 5A. Plaintiff entered the house at approximately 3:30 PM.

54,    At around 5:30 PM Mutiple Inmates attempted to Jump and Slash Mr. Alli facial area yet to no avail. Only approximately two blows landed and one Strike with his Cane.

Then Correctional Officer edmound Maliciously SPrayed Plaintiff in his face with Chemical agents More than Once and Stated they should've killed you, And you Cant fight the Whole house if you cant See.

55. Plaintiff then walked onto the vestibule and awaited a Probe team One of which did not arrive until approximately two hours later.

While on the housing area vestibule Correctional Officer Edmound Came out the housing area without Properly Securing the disruptive and assaultive inmates thus Creating a Further Security risk.

When exiting the housing area Officer Edmound then entered the 5control bubble and buzzed open cell 33 And allowed inmates to enter said cell And Steal a bag of Plaintiff's Property In which contained Approximately Three Hundred and fifty $350.00 Dollars worth of food. Personal Pictures, Personal Clothing, Sneakers, religious items and hygiene Products.

56. While on the vestibule I requested my Property to be given to me before I exited the area yet to no avail and When they finially gave me my Property One bag full of the above stated was Stolen.

57. While on the vestibule security officers taunted MR. Alli And tried to inform the officer to allow the inmates out onto the Vestibule to assault him again. This took Place for about two and a half hours Until a Probe team responded to the area.

Mr. Alli was then taken to seg intake for decontamination In which he refused and was then taken to Medical at the mini Clinic in which he requested to see a different doctor and was refused service

58. Mr. Alli was then taken to 7A on Srg Latin king house at approximately 8:10 Pm. Upon entering the housing area I was Jumped by the Probe team in front Of Cell 22 while officers Pulled his hair and Choked him with there fingers around his adams apple, and also delivered Closed fist blows to his facial area. Then at one Point an officer cut Mr Alli facial area on the lefted side by his air with a Unknown object and then falsely shouted he has a Weapon. In which was truly the weapon they used to Cut him with While he was in mechanical restraints. This use of excessive force took Place for approximately Ten minutes.

59. Officers then Placed Mr. Ali on the gourney and then rolled him out the housing area Of 7A onto the Vestibule of 7Control In which Officers whispered death threats and stated thats Why We Cut you they Officers of the Probe team held MR.ALLI on the vestibule for approximately ten (10) Minutes then rolled him back inside Of 7A and Placed him inside Cell 22, the Probe team officers then Sexually assaulted him and tried to Cut him again. then lefted out the area.

60. From April 15th 2021 Until April 23rd 2021 On Each tour I asked Captains and Deputys to remove me from the housing area 7A and/or allow me to lock out my Cell Yet to no avail, Each Captain and Deputy aided and abetted in the Cruel and Unusual Punishment and illegall dead lock Procedures

61. And refused to allow him to lock out his Cell.

From April 15th until April 23rd Mr. ALLI was maliciously deprived and denied the ability to lock out his Cell, take showers, use the Phone, Go to recreation, take medication, and adequate religious meals. Mr. Alli food was given to him threw a rat hole on the floor

62. On the night of April 23 2021 at 12:00 AM through 12:30 AM Mr. ALLI began to hear voices telling him to start fires and or kill himself. In which he Started the fire Officer D. Brown(1689) Put out the fire Several times Yet refused to follow Fire safety Protocol and forced Mr. Alli to endure Smoke inhalation all night. Mr. Alli told C.O. Brown that he was feeling suicidal and also feared for his life in Said housing area, and that he Started the fire for help and because he was hearing Voices yet brown stated he didn't Care and Made other Comments that Showed disregard for his life and in Violation of Procedure

63. In the following hours at approximately 11 AM another fire took Place in which Correctional Officers Lefted him inside his Cell for 2 hours to endure Smoke inhalation. Then medical was offered and the John Doe Doctor falsified Medical Records Lying about my Condition. On April 25th 2021 Mr ALLI Was transfered to an SRG Patria House and endured the Same dead lock Procedures. And denial Of Minimum Standards also daily life necessitys. from April 25 2021 until May 1 2021.

On May 1st 2021 MR. ALLI heard Voices again after being lefted in rival gang houses in which inmates taunted to assault him once let off dead lock. He then again Started a fire

In which officers telled him to die from smoke inhalation for hours despite the officer seen on camera extinguishing the fire mutiple times and the fire safety officer responding to the area.

69. Upon information and belief Mr. Alli started 3 fires inside of 9B and was brought back each time despite knowing gang rivals being present there.

Throughout the entire G.R.V.C Mr. Alli has gang rivals yet custody management officers Ruiz and Allyrene and the cheifs of department refuse to move him and continue to place him in harms way. And displayed the failure to protect. While at 9B from April 25 until May 1 2021 Mr. Alli was intended to practice his religion and participate in the ramadan fast yet his religious diet was not followed and or not adhered to at at all in violation of Mr. Alli first Admendment Rights. Also to note the way Mr. Alli was provided his food was in violation of his eighth Admendment Rights. While Mr Alli was in 9B 11 cell there was a known documented sewage issue in said housing area in which the toilet water and feceses constantly flooded into inmates cells of the bottom tier. Despite said knowledge of Mr Alli cell being soaked with sewage each day for each meal Mr. Alli food trays was past threw the floor of a rat hole. Threwout the lock in unlawful procedure

65. Mr. Alli suffered mentally and Physically. Ranging from Rashes to body due to no showers and mental health outbreaks and smoke inhalation for each fire started while at 9B and 7A. Also Mr. Alli suffered bodily injuries during the use of force on Apr.l 15 2021 in which the John Doe Doctor denied Medical attention and falsified Medical records.

MR. ALLI filed Grievances and Called 311 In regards to all the above Claims yet NO response was received. In which MR. Alli exhausted his administrive remedies

66. All defendants herein knew of should've knew of Or was made aware of Plaintiffs Claims threw simmilar conduct, Complaints, and or direct Participation and or being verbally told by Mr. Alli And Complaints Submitted by Prisoners Rights Project, defendants failure to take measures to Curb said actions Constitutes acquiescence in the known Unkwful Practices And Unkwful bahavior of employer. The Prevalence of these Practices and general knowledge of theif existance and the failure of defendants to take remedial action Constitutional violations and deliberate indifference is Constituted.

67    Defendants maintained a Code of Silence, Participated
Sanctioned, Covered up and/or failed to take any
action to remedy the wrong. These Practices are so
long standing and deeply embedded in the Culture
of the department implements Municipal Policy.

68.   Prayers of Relief

Each Defendant is Sued in there individual
and official Capacity.
     Mr. ALI Seeks Judgment awarding damages for
each asserted Claim and for Claimed injuries
against each defendant.
     Plaintiff Seeks any and all money damages
including but not limited to Punitive damages.
     In the total amount of 3 million Dollars

DATED;
May 25 2021
EAST ELMHURST NY

                              Umar ALI
                              210 19 00 410
                              N.I.C 1500 HAZEN St
                              EAST ELMHURST NY 11370

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| May 25 2021 | Without Prejudice |
| **Dated** | **Plaintiff's Signature** |
| ALLI    UmAR   M | ALLI |
| **First Name**          **Middle Initial** | **Last Name** |
| N.I.C. 1500 HAZEN ST. | |
| **Prison Address** | |
| East ELMHURST NY   11370 | |
| **County, City**          **State**          **Zip Code** | |

Date on which I am delivering this complaint to prison authorities for mailing: _____



FOREVER USA

FOREVER / USA

LEGAL MAIL

Umar Ali
2/0 19 60410
N.I.C. 1500 Haven St
New York East Elmhurst 11370

USM P3

Pro Se Clerk
Southern District of New York
United States District Court
500 Pearl Street
New York NY 10007

© USPS 2013

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

RECEIVED
(PRY PRO SE OFFICE)
2021 MAY 27 PM 2:23

