UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMAR ALLI,<br><br>                             Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; RUIZ, Custody Management Officer; ALLYIENE, Custody Management Officer; KENNETH STOOKES, Chief; JENNINGS, Chief; CARTER, Security Deputy of GRVC; JOHN DOE, Security Captain of GRVC; EDMOUNDS, Correctional Officer; HARRIS, Deputy Warden; JOHN DOES 1-7, Security Team of GRVC; JOHN DOES, Captains and Deputies Who Toured Housing Area 7A and 9B From April 15, 2021 Until May 1, 2021; JOHN DOE OFFICERS OF PROBE TEAM ON APRIL 15, 2021 AT 8:30; D. BROWN, Correctional Officer (#1689); JOHN DOE MEDICAL DOCTORS OF APRIL 15, 2021, MAY 1, 2021, AND APRIL 23, 2021; RENEE, Warden,<br><br>                             Defendants. | **ORDER OF SERVICE**<br><br>21 Civ. 4767 (PGG) |

PAUL G. GARDEPHE, United States District Judge:

Plaintiff, currently incarcerated at the North Infirmary Command, brings this pro se action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. On June 1, 2021, Plaintiff was granted leave to proceed in forma pauperis.[1]  (See Dkt. No. 4)

## LEGAL STANDARDS

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  A court must dismiss a prisoner's in forma

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1).

pauperis complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a pro se complaint liberally."  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## DISCUSSION

**A.     Claims Arising at Manhattan Detention Complex**

Plaintiff asserts claims relating to alleged abuse while detained at the George R. Vierno Center ("GRVC") in April and May 2021, as well as alleged abuse while detained at the Manhattan Detention Complex ("MDC") 9-South Unit.  The same day that he filed the instant action, Plaintiff filed a separate action in which he asserts the same claims arising out of his detention in MDC's 9-South Unit.  That case is pending before another Judge in this District. See Alli v. Sylla, No. 21 Civ. 4866 (ALC) (S.D.N.Y. 2021) ("Sylla").  Plaintiff's claims relating to his confinement in MDC's 9-South Unit are therefore dismissed as duplicative of his claims in Sylla.[2]

---

[2] Plaintiff does not appear to have named any defendants other than the City of New York in connection with his claims arising at MDC.  Because Plaintiff also sues the City of New York in connection with his claims arising at GRVC, the City of New York remains a defendant in this action.

B.   **Waiver of Service for Named Defendants**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that the following defendants waive service of summons: Defendants City of New York; GRVC Warden Jean Renee and Deputy Warden Harris: Correction Officers Edmounds and D. Brown (#1689); Chief of Department Hazel Jennings; Custody Management Officers Ruiz and Allyiene; Chief Kenneth Stukes (sued herein as Stookes); and GRVC Security Deputy Carter.

C.   **Unidentified "Doe" Defendants**

Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff may supply sufficient information to permit the New York City Department of Correction ("DOC") to identify: (1) the members of the GRVC Probe Team who responded to an incident involving Plaintiff at approximately 8:30 p.m. on April 15, 2021, in or near GRVC unit 7A; (2) GRVC security officers who removed Plaintiff from GRVC unit 5A at 5:30 p.m. on April 15, 2021; (3) captains and deputies on duty in GRVC housing area 7A and 9B during April 15, 2021, to May 1, 2021, responsible for addressing requests for showers, religious meals, and other programming; and (4) John Doe doctors on duty for Plaintiff's medical visits on April 15, 2021, April 23, 2021, and May 1, 2021.

The New York City Law Department, which is the attorney for and agent of DOC, is directed to ascertain the identity and the badge number, if applicable, of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[3]  The New

---

[3] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or

York City Law Department will provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving the aforementioned information from the New York City Law Department, Plaintiff will file an amended complaint naming the John or Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

D. **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

## CONCLUSION

Plaintiff's claims relating to MDC's 9-South Unit are dismissed without prejudice.

---

worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests a waiver of service of summons from the following defendants: The City of New York; GRVC Warden Jean Renee and Deputy Warden Harris: Correction Officers Edmounds and D. Brown (#1689); Chief of Department Hazel Jennings; Custody Management Officers Ruiz and Allyiene; Chief Kenneth Stukes (sued herein as Stookes); and GRVC Security Deputy Carter.

The Clerk of Court is directed to mail a copy of this order and the complaint to New York City Law Department at: 100 Church Street, New York, NY 10007. An Amended Civil Rights Complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 16, 2021
         New York, New York

_____
PAUL G. GARDEPHE
United States District Judge